## COMMON PLEAS COURT

No. 680

SIMPSON v. LEWIS et

Common Pleas, Hamilton Co.

No. 188519

787. MORTGAGES—1. So-called "service charge" of five per cent deducted by mortgagee from mortgage loan, is not within contemplation of 8321-1 GC. and is illegal, as against those who furnish labor and material.

2. When mortgagee pays entire mortgage fund to owner instead of paying on owner's order directly to material men and owner fails to pay them, liens of such material men are superior to that of mortgage.

DARBY, J.

The first question the case presents is: whether a charge of 5 per cent, on the face of the mortgage of the Cincinnati Finance Co., which it asserts is a service charge and which was deducted from the amount of the mortgage, is a valid charge under 8321-1 GC. The second question is as to the priority of a $2000 second mortgage over the mechanics' and material men's liens against the property in question.

The evidence showed that the mortgagee paid the entire amount of the mortgage to the owner who was his own contractor. The mortgagor paid some of the material men, but those suing in this case were not paid, and they claimed the benefit of that provision of the law which subordinates to their claims the mortgage claims where the fund has not been paid out as provided in § 7, 7321 GC. Held:

1. The purpose of 8321-1 GC. is to give priority to the mortgagee of the so-called construction mortgage "for the full amount actually paid out under the mortgage" in compliance with said section.

2. As between the mortgagee of such mortgage and those who furnish labor or material, such "service charge" should be held to be illegal; whether it be legal as between the mortgagee and mortgagor or not.

3. Paragraph 7 of said section provides:— "If mortgagee pays out mortgage fund otherwise than hereinbefore provided, then lien of said mortgagee, to the extent that said funds had been otherwise paid, shall be subsequent to liens of contractors, subcontractors, material men and laborers but in no case shall such a mortgagee be obliged to pay or to be liable at law for more than the principal of second mortgage."

4. Distribution of the mortgage fund is very specifically directed on par. 6: "Such mortgagee shall pay out on the owner's order directly to material men or laborers who have performed labor or furnished material for said improvement."

5. Inasmuch as the mortgagee paid the entire fund to owner or his order, and since certain material men were not paid, and have perfected their liens on the property; the second mortgage of the Cincinnati Finance Co. is subsequent to the liens of such material men.

Attorneys—Wieland, Strother & Wieland for Simpson; J. Arthur Myer for Finance Co.; all of Cincinnati.